694

Goldman, Malter & Goldman, of New York City, for bankrupt.

Samuel Bierman, of New York City, for trustee.

BYERS, District Judge.

There is here presented a petition for review of the order of the referee of June 17, 1938, providing, among other things, that the bankrupt shall pay to David H. Brown, trustee, the sum of $193.04, being the total receipts which came into her possession from the conduct of the business from April 8, 1938, to May 16, 1938, inclusive, and that her failure to open an account in a designated depository "is inexcusable and has not been satisfactorily justified and her failure to deposit the receipts from the sale of merchandise amounting to $193.04 * * * constitutes a violation of the said order" of this court dated April 8, 1938, "and a contempt of this court for which the District Court should take appropriate measures for punishment."

The recital is that the trustee had moved for an order from the referee directing the bankrupt to pay him "the sum of $1,000.00 or any other sum of money which it may be found was taken in as the total receipts

**In re BERGMAN.**

No. 34173.

District Court, E. D. New York.

Dec. 13, 1938.

and proceeds from the conduct of the business of the bankrupt" during the period from April 8, 1938, to May 16, 1938, inclusive, and for a further order directing the bankrupt to file with the court an accurate account of all sales and monies received, and for a further order certifying her to be in contempt for her failure to open an account in one of the designated depositories of this court in accordance with the said order of April 8, 1938.

An involuntary petition in bankruptcy was filed on January 19, 1938, and an answer thereto was interposed in which relief under the then section 74 of the Bankruptcy Act, 11 U.S.C.A. § 202, was sought. What happened during the interval between the filing of that answer and April 8th is not made clearly to appear, but apparently on the last-mentioned date an order was granted, continuing the debtor in possession, upon the giving and filing of a surety company bond by her, and she was also directed to deposit all proceeds of sales conducted by her in a designated depository of this court.

The bankrupt conducted her business in Patchogue, Long Island, and it seems that there is no designated depository of this court in that village, but there is one in Riverhead, about twenty miles or so east or northeast of Patchogue, and motor communication between those two points is frequent and easy.

It also appears somewhat indistinctly that the attempted adjustment, under section 74, failed, and liquidation of the estate in bankruptcy and the appointment of a trustee ensued as of May 16th.

This motion has to do with the failure of the bankrupt to deposit the proceeds of sales made by her during that interval in a designated depository, and in connection with the motion she filed an account with the referee, tabulating her receipts on a daily basis, in a total sum of $193.04.

As against the latter figure, she claims credit for six items of disbursements alleged to have been made by her during that period and, as to these, she attaches some receipts to her account. Of the latter, the following require comment:

Window cleaning from January 25, 1938, to May 16, 1938, $20.00.

It will be seen that this is a period of less than four months, and only one-quarter of the sum could be regarded as a disbursement made during the period in question.

Leo Bergman (Salary for six weeks at the rate of $15.00 per week), $90.00.

There is no receipt for this sum attached to the account and, as it represents a payment to the bankrupt's son and as she was not authorized by any order of the court or referee to make this disbursement, no reason appears why it should be approved.

Superior Fuel Company, for fuel oil, $30.50.

Assuming that this was consumed on the premises occupied by the bankrupt's business, it appears from the statement accompanying the account that 200 gallons were sold on January 10th, which antedated the petition in bankruptcy, and 200 gallons on February 28th, which antedated the said order. One payment of $15.00 was made on January 22nd and the second, of $15.50, was made on April 11th.

The first item should have been the subject of a claim filed in the bankruptcy proceeding and, if the second were to be considered an administration expense of the bankruptcy, no authority is shown for the payment by the debtor in possession durgin the periods covered by the order of April 8th.

| Electric current, | $20.72 |
| Electric current | 24.56 |

There are two coupons or slips covering these two items. As to the first, the period is stated to have been from February 14 to March 15, and under that appear the words: "Paid as of April 23, 1938." The second is dated March 9, 1938, and merely indicates a payment on that date of $24.56, but there is no showing as to the period for which the bill was rendered.

The other two items are for $1.00 and $4.85, respectively, and are assumed to have been incurred between April 8 and May 16.

It will be seen that, as to the $191.63 credit claimed, at least $180.78 cannot be justified by any legal or meritorious showing made by the bankrupt.

So much of the order as directs the turnover of $193.04 to the trustee in bankruptcy is clearly correct, and the same remark applies to the finding concerning the failure to deposit the proceeds of sales in a designated depository as required by the order of April 8, 1938.

The petition to review is denied, and the turnover order is affirmed.

The question of contempt should be reserved for consideration in the event that the bankrupt disobeys the turnover order.

Settle order.